IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| BLUE EMERALD CHARTERING<br>    CORPORATION,<br>OSG SHIP MANAGEMENT, LTD.<br>OVERSEAS SHIPHOLDING GROUP, INC. | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | ) | Civil Action No.<br><u>1:11-cv-00012-RLF -GWC</u> |
| v. | )<br>)<br>) | |
| KOREA LINE CORPORATION, | )<br>) | |
| Defendant. | )<br>)<br>) | |

**EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND INJUNCTIVE RELIEF**

Pursuant to Federal Rules of Civil Procedure 65, Plaintiffs Blue Emerald Chartering Corporation, OSG Ship Management, Ltd., and Overseas Shipholding Group, Inc. ("Charterers") who are Time Charterers of the M/T "Blue Emerald" pursuant to a maritime time charter contract ("Time Charter"), seek an emergency temporary restraining order or, in the alternative, emergency preliminary injunction ordering Defendant Korea Line Corporation, Owners of the M/T "Blue Emerald," to allow Plaintiffs to inspect the vessel, which the Time Charter clearly authorizes Plaintiffs to do at any time. Plaintiffs seek immediate, emergency relief from this Court because the M/T Blue Emerald will depart the port of St. Croix on Friday evening, February 11, 2011. Unless this relief is granted, material evidence will be spoliated, causing irreparable harm to Plaintiffs/Charterers.

Case No.: 1:11-cv-00012-RLF -GWC

## **Facts Supporting Relief**

1. Time is of the essence because the M/T Blue Emerald is docked in St. Croix, U.S. Virgin Islands, through the end of Friday, February 11, 2011. The vessel is expected to sail from St. Croix within 24 hours from the filing of this action.

2. Unless an emergency temporary restraining order, or in the alternative an emergency preliminary injunction, is granted, material evidence will be spoliated, causing irreparable harm to Plaintiffs/Charterers.

3. As stated and verified in Plaintiffs' Verified Complaint and Emergency Request for Temporary Restraining Order and Injunctive Relief ("Verified Complaint"), filed with the Court this morning, February 11, 2011, Plaintiff Blue Emerald Chartering Corporation, a corporation of Majuro, Marshall Islands, entered into a Time Charter Party with Owner Defendant Korea Line Corporation, a South Korea corporation, for the M/T "Blue Emerald." *See Exhibit A*, Time Charter Party.

4. Pursuant to the Clause 23 of the Time Charter Party contract:

> Charterers **or its nominee** shall have the right at any time during the charter period to make such inspection of the vessel as they may consider necessary. This right may be exercised as often and at such intervals as Charterers in their absolute discretion may determine and whether the vessel is in port or on passage, Owners affording all necessary co-operation and accommodation on board . . . . **Charterers' representative shall have access to the entire vessel (excluding accommodation spaces) and the maters, officers and crew of the vessel shall cooperate with and render any reasonable assistance that Charterers' representatives may require. Charterers' representatives shall be entitled to take samples of the cargo and to examine vessel's deck and engine, log books, certificates, enquire of the vessel's operating procedures both in port and at sea, the qualifications and conduct of the vessel's master, officers and crew. . . .**

*See Exhibit A*, Time Charter Party.

5. Defendant Korea Line Corporation have materially breached their Time Charter Contract with Plaintiffs/Charterers by refusing to permit Plaintiffs full access to the M/T Blue Emerald and its documents and records.

6. The M/T Blue Emerald suffered an engine breakdown, on or about January 31, 2011, whereupon Owners, Defendant Korea Line Corporation, asserted, without providing any evidence of the same, that Time Charterers were responsible for the failure, which Owners claim was caused by off-specification fuel bunkers ("bunkers").

7. After Defendant Korea Line Corporation asserted that off-specification fuel bunkers caused the engine failure, Korea Line refused to allow Charterers to inspect the Blue Emerald, contrary to the clear language of Clause 23 of the Time Charter permitting Charterers unfettered access at any time to conduct a thorough inspection of the ship, logs, and cargo, among other things.

8. On or about February 4, 2011, Defendant Korea Line Corporation refused to permit Charterers and/or their agents to inspect and survey the M/T Blue Emerald.

9. On or about February 5, 2011, Plaintiffs/Charterers and/or their agents requested to review documents and records on the M/T Blue Emerald pertinent to the alleged engine failure and the bunkers.

10. On or about February 6, 2011, Defendant Korea Line Corporation refused to permit Charterers/Plaintiffs and/or their agents to review documents contrary to the clear provisions of Clause 23 of the Time Charter, and in material breach of the same.

Case No.: 1:11-cv-00012-RLF -GWC

11. On or about February 7, 2011, Plaintiffs/Charterers and/or their agents issued a letter of protest regarding Defendant Korea Line Corporations continuing refusal to permit a full inspection, including but not limited to access to documents aboard the vessel, among other things.

12. To date, Defendant Korea Line Corporation continues to deny Plaintiffs/Charterers and/or their agents full, unfettered access to the vessel M/T Blue Emerald and its documents as required by Clause 23 of the Time Charter.

13. Unless Plaintiffs/Charterers immediately inspect the bunkers and documents of the M/T Blue Emerald, the fuel contained therein will be burned up and spoliated when the ship departs the port, or the bunkers will be unloaded or re-filled at the port, forever precluding Plaintiffs/Charterers from establishing that the fuel bunkers met specifications.

14. Moreover, in light of Defendant Korea Lines Corporation's refusal to permit Plaintiffs/Charterers to access documents and logs onboard the M/T Blue Emerald, upon information and belief, such documents may either not be preserved or may be spoliated.

15. The factual statements contained herein are fully verified by Plaintiffs/Charterers Verified Complaint.

16. Defendant Korea Line Corporation will cause irreparable harm to Plaintiffs/Charters by refusing to allow Plaintiffs/Charterers to obtain documents and inspect the bunkers allegedly responsible for the engine issues onboard the M/T Blue Emerald.

17. This irreparable harm will result unless an injunction is obtained because the fuel bunkers will be destroyed or spoliated when the vessel sails (which is expected within

24 hours of the filing of this complaint), thereby forever precluding Plaintiffs/Charterers from obtaining samples of the allegedly off-specification fuel.

18. Moreover, in light of Defendant Korea Lines Corporation's refusal to permit Plaintiffs/Charterers to access documents and logs onboard the M/T Blue Emerald, upon information and belief, such documents may either not be preserved or may be spoliated.

19. Because the subject Time Charter Party unequivocally grants Plaintiffs/Charterers the right to inspect the M/T Blue Emerald at any time, and full access to the vessel to conduct such inspection, Plaintiffs are certain to prevail on the merits.

20. While Plaintiffs will suffer permanent, irreparable injury if an injunction is not granted, Defendant Korea Line Corporation will not suffer any harm if Plaintiffs/Charterers are permitted to inspect the M/T Blue Emerald as permitted by the clear terms of the Time Charter.

21. The granting of the injunctive relief requested will not adversely affect the public interest.

22. Plaintiffs are ready, willing, and able to post any bond required by this Court pursuant to Rule 65, however a bond is not necessary because Plaintiffs request is for a quick inspection which will not result in any loss time of damages to the Defendants.

23. Plaintiffs respectfully request an immediate hearing on this Count due to the fact that the M/T Blue Emerald will be leaving the jurisdiction on Friday, February 11, 2011.

24. A proposed Order is attached hereto as Exhibit "B."

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Case No.: 1:11-cv-00012-RLF -GWC

## Memorandum of Law

Issuance of an emergency temporary restraining order ("TRO") is properly granted pursuant to Federal Rules of Civil Procedure 65. As verified by Plaintiffs/Charterers in their verified Complaint, unless a TRO is immediately issued, the vessel M/T Blue Emerald will sail from St. Croix, U.S. Virgin Islands, and burn the allegedly off-specification fuel in the bunkers that allegedly caused the engine failure on or about January 31, 2011. Owners not only have not provided any factual support for their allegation that the fuel bunkers caused the engine failure, but have consistently interfered with Plaintiffs/Charterers repeated efforts to exercise their rights under the Time Charter as clearly provided by Clause 23 to conduct a full inspection of the vessel, its bunkers, engine, documents, and logs, among other things.

Unless a TRO is granted permitting immediate inspection, the bunkers will be off-loaded, re-filled, or burned in transit, preventing any further analysis of their contents. Moreover, Defendant Korea Line Corporation may spoliate the logs and documents that reflect the engine, oil, bunker, and other information, based upon Korea Line Corporation's material breach of their obligations under Clause 23 of the Time Charter to permit Plaintiffs/Charterers full access to the vessel, logs, and documents.

Accordingly, a TRO is properly granted pursuant to Rule 65 under these circumstances where (1) irreparable harm will result to Plaintiffs/Charterers without a TRO, (2) Plaintiffs/Charterers are certain to prevail on the merits, considering the absolutely clear provisions of Clause 23 of the Time Charter permitting Plaintiffs/Charterers full access to the vessel, its bunkers, and documents at any time, (3)

while Plaintiffs/Charterers would suffer severe, irreparable injury, Defendant Korea Line Corporation will not be harmed in any way by allowing Plaintiffs to exercise their right of inspection, and (4) the TRO would not adversely affect the public interest.

Controlling Third Circuit precedent holds that it is proper to grant injunctive relief to preserve evidence. *See J&S Development Corp. v. Montrose Global Assets, Inc.*, 279 Fed. Appx. 131 (3d Cir. 2008). In *J&S*, the Third Circuit affirmed a District Court's Preservation Order, a preliminary injunction, to permit an inventory to be conducted of an aluminum processing plant, and ordering that no items be removed from the plant until the inventory was completed. Where Defendant Korea Line Corporation will spoliate, destroy, or remove material evidence and documents on the M/T Blue Emerald, a preliminary injunction is properly granted.

Similarly, other federal courts have granted preliminary injunctions to preserve evidence. *See Service Employees Int'l Union v. Roselli*, 2009 WL 1137118 (N.D. Cal. Apr. 8, 2009); *Language Line Services, Inc. v. Language Services Associates, LLC* (granting preliminary injunction, including imaging of Defendant's computers). In *Roselli*, the district court held that a TRO was properly issued to preserve evidence when certain union members removed or hid union documents. The *Roselli* court issued an Order to preserve all evidence and ordered all union members to immediately return the documents to which they were denying access. In this case, Defendant Korea Line Corporation is similarly denying access to documents to which Plaintiffs/Charterers are clearly entitled to inspect under Clause 23 of the Time Charter. Accordingly, a TRO should be granted.

Case No.: 1:11-cv-00012-RLF -GWC

WHEREFORE Plaintiffs Blue Emerald Chartering Corporation, OSG Ship Management, Inc., and Overseas Shipholding Group, Inc., respectfully request the issuance of an emergency temporary restraining order, without notice pursuant to Federal Rule of Civil Procedure 65, or in the alternative, an emergency preliminary injunction pursuant to Rule 65, permitting Plaintiffs/Charterers to inspect the M/T Blue Emerald and its bunkers, engines, documents and logs as well as additional relief as this Court deems proper.

Respectfully submitted,

/s/ Jennifer Quildon Miller
Jennifer Quildon Miller, Esq.
jmiller@hamiltonmillerlaw.com
V.I. Bar No. 1109
HAMILTON, MILLER & BIRTHISEL, LLP
Attorneys for Plaintiffs
150 Southeast Second Avenue,
Suite 1200
Miami, Florida 33131
Telephone 305-379-3686
Telefax 305-379-3690

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via hand delivery, facsimile, e-mail and U.S. Mail to Park Jae Min, Korea Line Company, Daeil Building, 43, Insa-dong, Chongno-gu, Seoul 110-290, South Korea and hand delivery by Process Server to Captain Chun Ho Kang, Master of the M/T Blue Emerald presently located at the Hovensa Dock in St. Croix, USVI on February 11, 2011.

/s/ Jennifer Quildon Miller
Jennifer Quildon Miller