IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| BLUE EMERALD CHARTERING ) <br> CORPORATION, ) <br> OSG SHIP MANAGEMENT, LTD. ) <br> OVERSEAS SHIPHOLDING GROUP, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KOREA LINE CORPORATION ) <br> ) <br> Defendant. ) <br> ) <br> _____) | Civil Action No. <br> 1:11-cv-00012-RLF -GWC |

## ORDER ON MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

This matter having come to be heard upon the Plaintiffs Emergency Motion for Injunctive Relief and a Temporary Restraining Order, and the court having considered the issues and evidence presented hereupon orders and adjudges that the motion be and the same is hereby granted.

The Plaintiffs shall be afforded the opportunity to inspect the vessel while it is at Port in St. Croix. The Defendants are hereby ordered to produce the vessel for inspection, to provide full access to all parts and areas of the vessel and to provide the documentation requested by Plaintiffs, including:

1. Any and all oil records book(s), including but not limited to 72 hours prior to the incident.

2. Any and all engine log book(s).

3. Any and all deck log book(s).



EXHIBIT "B"

Case: 1:11-cv-00012-RLF -GWC Document #: 5-2 Filed: 02/11/11 Page 2 of 7
Case: 1:11-cv-00012-RLF -GWC Document #: 8 Filed: 02/11/11 Page 2 of 7
Case No.: 1:11-cv-00012-RLF -GWC

4. Any and all alarm logs.

5. Any and all documents reflecting or referring to the pre-bunker ROB (remaining on board) fuel prior to bunkering in Houston.

6. Any and all on-board bunker proceedings, and a physical demonstration of the same.

7. Any and all main engine performance tests prior to bunkering in Houston, including but not limited to the last 3 tests.

8. Any and all documents reflecting main engine running hours.

9. Any and all documents reflecting main engine individual component running hours.

10. Any and all main engine maintenance records.

11. Any and all auxiliary engine running hours.

12. Any and all auxiliary engine maintenance records.

13. Any and all fuel oil filter system records logging automatic or manual frequency of cleaning.

14. Any and all sections of the vessel's "On Board Management Procedures" manual related to or referring to bunkering, sampling, storing, handling, and/or processing for consumption of fuels.

15. Any and all documents relating to or reflecting bunker tanks arrangements, including but not limited to records of where the previous fuel and the alleged noncompliant fuel was stored.

16. Any and all engine performance reports.

17. Any and all records relating to past bunkering.

2

Case: 1:11-cv-00012-RLF-GWC Document #: 5-2 Filed: 02/11/11 Page 3 of 7
Case: 1:11-cv-00012-RLF-GWC Document #: 8 Filed: 02/11/11 Page 3 of 7
Case No.: 1:11-cv-00012-RLF-GWC

18. Any and all documents referring to or reflecting the status of the fuel oil bunker tanks, including but not limited to the time period prior to the receipt of the allegedly bad fuel.

19. Any and all documents referring to or reflecting bunker tanks where new fuel was loaded on top of old fuel.

20. Any and all documents detailing part numbers, and manufacturer name, of engine items alleged to have been damaged by the fuel.

21. Any and all documents reflecting or referring to the cost of repair or renewal of any machinery items that allegedly had to be repaired or renewed as a result of allegedly bad fuel.

22. Any and all documents reflecting or referring to any delays and/or deviations from the charter arising out of the alleged incident.

23. Any and all documents referring to or reflecting the engine manufacturer's fuel recommendations.

24. Any and all class reports, including but not limited to February 9, 2011.

25. Index only of vessel's certification.

26. Any and all notes, correspondence, and/or records relating to the MAN-B&W service engineer.

27. Any and all lists of machinery types and capacities, including but not limited to the main engine, auxiliary engines, purifiers, turbo chargers, viscosity control system.

28. Any and all builder's official speed and consumption figures.

29. Any and all lists of engine manufacturer's official grades of fuel that can be consumed.

Case: 1:11-cv-00012-RLF-GWC Document #: 5-2 Filed: 02/11/11 Page 4 of 7
Case: 1:11-cv-00012-RLF-GWC Document #: 8 Filed: 02/11/11 Page 4 of 7
Case No.: 1:11-cv-00012-RLF-GWC

30. Samples of all fuel in the bunkers that allegedly caused any damage to the engine of the M/T Blue Emerald.

31. Any and all fuel injector(s), including but not limited to those currently in use, as well as any previously in use, on the M/T Blue Emerald.

32. Any and all fuel pump(s), including but not limited to those currently in use, as well as any previously in use, on the M/T Blue Emerald.

33. Any and all documents relating to any issue with the engines on the M/T Blue Emerald.

34. Any and all documents relating to the bunkers, their contents, including but not limited to invoices for the same.

35. Any and all communications, including but not limited to e-mail, telex, text, fax, and other forms of electronic communication, regarding any issue with the engines onboard the M/T Blue Emerald.

36. Any and all electronic documents regarding the engines or bunkers on the M/T Blue Emerald.

37. Any and all surveys of the M/T Blue Emerald, as well as any documents referring to or relating to surveys of the vessel.

38. Any and all inspections of the M/T Blue Emerald, as well as any documents referring to or relating to inspections of the vessel.

39. Any and all bunker surveys of the M/T Blue Emerald, as well as any documents referring to or relating to bunker surveys of the vessel.

40. Any and all documents that relate to your claim that the M/T Blue Emerald, or Korea Line Corporation, suffered any damage or loss as a result of any action or inaction by Charterers.

Case: 1:11-cv-00012-RLF-GWC   Document #: 5-2   Filed: 02/11/11   Page 5 of 7
Case: 1:11-cv-00012-RLF-GWC   Document #: 8   Filed: 02/11/11   Page 5 of 7

Case No.: 1:11-cv-00012-RLF-GWC

## Reasons for and Findings made in Support of this Order

1. On or about September 8, 2008, Plaintiffs entered into a Time Charter Party for the M/T "Blue Emerald." *See Exhibit A*, Time Charter Party.

2. The M/T Blue Emerald allegedly suffered an engine breakdown, on or about January 31, 2011, which Owners claim was caused by off-specification fuel bunkers ("bunkers") and whereupon Owners asserted that the Plaintiff Time Charterers were responsible for the failure.

3. Pursuant to the Clause 23 of the Time Charter Party contract, Plaintiff sought an inspection of the vessel, bunkers, and documents.

4. Defendants have failed and refused to allow a full and complete inspection of the vessel, bunkers, and documents.

5. The Plaintiffs are materially and substantially prejudiced by the Defendants failure to allow inspection of the vessel, bunkers, and documents.

6. The M/T Blue Emerald is docked in St. Croix, U.S. Virgin Islands, through the end of Friday, February 11, 2011. The vessel is expected to sail from St. Croix within the next 24 hours.

7. The vessel is about to leave the jurisdiction and in doing so will cause the loss and destruction of evidence such that exigent circumstances exist justifying immediate action by the court.

8. The Court finds that evidence may be forever lost without action by the Court.

9. The Court finds that imposing the relief sought by Plaintiff's will not prejudice the Defendants in any substantive or material manner.

10. The Court finds that the inspection opportunity sought by Defendants is reasonable and justified.

Case: 1:11-cv-00012-RLF-GWC Document #: 5-2 Filed: 02/11/11 Page 6 of 7
Case: 1:11-cv-00012-RLF-GWC Document #: 8 Filed: 02/11/11 Page 6 of 7
Case No.: 1:11-cv-00012-RLF-GWC

11. The Court finds the Defendants are contractually obligated to provide the Plaintiff this inspection and to produce the documents hereinabove identified.

12. The Court finds that unless injunctive relief is immediately granted, Plaintiffs will suffer irreparable harm. Pursuant to Federal Rules of Civil Procedure 65, a temporary restraining order and injunctive relief are properly granted on an emergency basis to avoid destruction of evidence and spoliation. *See J&S Development Corp. v. Montrose Global Assets, Inc.*, 279 Fed. Appx. 131 (3d Cir. 2008) (injunctive relief is properly granted to preserve evidence).

13. Because the subject Time Charter Party, pursuant to Clause 23, unequivocally grants Plaintiffs/Charterers the right to inspect the M/T Blue Emerald at any time, and full access to the vessel, bunkers, engine, logs, and other documents, among other things, to conduct such inspection, Plaintiffs are certain to prevail on the merits.

14. While Plaintiffs will suffer permanent, irreparable injury if an injunction is not granted, Defendant Korea Line Corporation will not suffer any harm if Plaintiffs/Charterers are permitted to inspect the M/T Blue Emerald as permitted by the clear terms of the Time Charter.

15. The granting of the injunctive relief requested will not adversely affect the public interest.

16. Accordingly, pursuant to these findings, because Plaintiffs have met all requirements of Rule 65, a Temporary Restraining Order and injunctive relief shall be granted to Plaintiffs/Charterers. *See J&S Development Corp. v. Montrose Global Assets, Inc.*, 279 Fed. Appx. 131 (3d Cir. 2008); *Service Employees Int'l Union v. Roselli*, 2009 WL 1137118 (N.D. Cal. Apr. 8, 2009).

17. The Court finds that none of the categories of materials sought are protected as work product or attorney-client privileged, but if Defendants believe any particular document is subject to privilege or protection, the defendants are hereby directed to provide a privilege log to the Plaintiffs and the court, and submit those documents to the court for *in camera* review and assessment of the protection or privilege claimed.

18. The Court finds that security is not necessary.

Case: 1:11-cv-00012-RLF-GWC Document #: 8 Filed: 02/11/11 Page 7 of 7
Case: 1:11-cv-00012-RLF-GWC Document #: 5-2 Filed: 02/11/11 Page 7 of 7

Case No.: 1:11-cv-00012-RLF -GWC

19. Finally, the Court finds Plaintiffs have done everything reasonable possible to notify the vessel and its owners of this lawsuit, the request for injunctive relief and the motion hereby granted. Specifically, service of process was made on the Master of the vessel, and notice was thereafter delivered via e-mail, hand-delivery and facsimile to the vessel owners in Korea.

Done and Ordered on this ____ day of February 2011.

_____
Hon.
Judge, USDC, USVI

Cc:   Jennifer Miller, Esq.